

Heather L. Dechert
Partner

April 20, 2023

**Via CM-ECF**
Hon. Michael J. Roemer
U. S. Magistrate Judge
2 Niagara Square
Buffalo, NY 14202

   Re: Taylor Gordon v. Niagara Wheatfield Central School District
      Civ. No: 1:22-cv-00172

Dear Judge Roemer:

   I write on behalf of the Defendant Niagara Wheatfield Central School District in response to Plaintiff's April 17, 2023, letter supplement regarding the pending Motion for Leave to Amend.

   Plaintiff's conclusory allegations that the District failed to take appropriate action in response to other allegations of sexual assault and/or harassment are not enough to allege a pattern of similar constitutional violations of First Amendment, equal protection or due process rights necessary to demonstrate deliberate indifference for purposes of failure to train. To the contrary, "[t]hree requirements must be met before a municipality's failure to train or supervise constitutes deliberate indifference: (1) a policymaker must know "to a moral certainty" that employees will confront a given situation; (2) the situation must present the employee with a difficult choice of the sort that training or supervision will make less difficult; and (3) the wrong choice by municipal employees will frequently cause the deprivation of a citizen's constitutional rights." *Ortiz v. Orleans Cnty.*, 2022 WL 1242486, at *13 (W.D.N.Y. Mar. 15, 2022) (Roemer, J.), *R&R adpt'd*, 2022 WL 1241704 (W.D.N.Y. Apr. 26, 2022) (citing *Walker v. New York*, 974 F.2d 293, 297-98 (2d Cir. 1992)).

   Here, Plaintiff does not make a single allegation about the Board of Education as the final policymaker, let alone that the Board of Education knew District employees would face a situation where a student was accused of raping another student, but not yet convicted, and failed to provide training to handle the situation. Critically, Plaintiff does not allege that the District was faced with another situation where one

student was raped off campus by another student, let alone a situation where an entire school year passed before the rapist was prosecuted. It must follow that Plaintiff does not allege enough to say there was any violation of constitutional rights in any of these other unidentified situations.

The single conclusory allegation contained in Paragraph 79 of the Proposed Amended Complaint (Dkt. 20-2) does not contain any facts to show the factually similar situations as required to show a pattern of constitutional violations. Plaintiff has not identified the other three students, nor provided any information about their circumstances; therefore, neither the District nor the Court is able to make a factual comparison necessary to say whether there are similar constitutional violations. *See Brock v. City of New York*, 2022 WL 4544966, at *3 (S.D.N.Y. Sept. 29, 2022) (*Monell* claim failed where the plaintiff alleged that at least twenty other individuals had similar issues with the municipality but failed to identify other individuals or the details of the individuals' experiences).

Likewise, the conclusory allegation cited in *New York v. NWCSD*, does not contain any facts about the thirty "incidents of sexual assault, harassment **OR** general-based bullying." 2022 WL 1528651, at *3 (W.D.N.Y. May 11, 2022), *R&R adpt'd in part, People by James v. NWCSD*, 2022 WL 3699632, at *3 (W.D.N.Y. Aug. 26, 2022) (emphasis added) Notably, Judge Foschio specifically addressed this allegation, finding the "Amended Complaint does not plausibly allege that Defendant maintains a policy or practice that Defendant necessarily would fail to take any corrective action in response to any student attending a school within the NWCSD who complains about gender-based harassment and sexual assault, or that having a written safety plan would necessarily prevent such conduct by other students within NWCSD." *Id.* (citations omitted).

For all these reasons, and those set forth in Defendant's Opposition to the Motion to Amend (Dkt. 27), Plaintiff's proposed § 1983 claims against the District, the Board of Education, and the Individual Defendants in their official capacities are futile.

Thank you for your consideration.

Respectfully submitted,

*s/Heather L. Dechert*

Heather L. Dechert

HLD/pst
cc:   Barry N. Covert, Esq. (via CM-ECF)