UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TAYLOR GORDON,

      Plaintiff,

v.                                                                     22-CV-172 (JLS) (MJR)

NIAGARA WHEATFIELD CENTRAL
SCHOOL DISTRICT,

      Defendant.

---

## DECISION AND ORDER

Plaintiff Taylor Gordon commenced this action on March 3, 2022 asserting claims under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX") against Defendant Niagara Wheatfield Central School District (the "District"). Dkt. 1. The Complaint alleges that Plaintiff, while she was a student at Niagara Wheatfield High School, suffered gender-based harassment and bullying after she was raped by another student. *See id.* This Court referred the case to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A)–(C). Dkt. 5.

On October 14, 2022, Plaintiff moved for leave to file an amended complaint. Dkt. 20. She seeks to add various constitutional claims pursuant to 28 U.S.C. § 1983—including alleged violations of her rights under the First Amendment, the Equal Protection Clause, and the Due Process Clause. *Id.* She also seeks to add

several defendants, namely, the Niagara Wheatfield Central School District Board of Directors (the "School Board"), as well as Michael Mann, Mary Graber, Jeffrey White, Jennifer Huchzermeier, Daniel Ljiljanich, and Mark Peters in their official and personal capacities. *Id.* Defendant opposed the motion, Dkt. 27, and Plaintiff replied. Dkt. 34.

On August 22, 2023, Judge Roemer issued a Report and Recommendation ("R&R") recommending that Plaintiff's motion be granted in part and denied in part. Dkt. 47. Specifically, he recommended that Plaintiff be permitted to amend the Complaint to include: (1) Title IX claims against the District and the School Board; (2) Equal Protection Section 1983 claims against the District and School Board, under *Monell*, as well as against Mann, Graber, White, and Ljiljanich in their personal capacities; (3) First Amendment Section 1983 claims against the District and the School Board, under *Monell*, as well as against Mann in his personal capacity; and (4) procedural due process claims against the District, School Board, and Mann in his personal capacity. *Id.* at 42. Judge Roemer recommended that plaintiff's motion otherwise be denied. *Id.*

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects, and must review any objected-to portion of a magistrate judge's order for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a), (b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72

2

requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). Based on the absence of any objections, the Court accepts Judge Romer's recommendations.[1]

For the reasons stated above and in the R&R, the Court GRANTS in part and DENIES in part Plaintiff's (Dkt. 20) motion. As such, Plaintiff is granted leave to amend the Complaint to include (1) Title IX claims against the District and the School Board; (2) Equal Protection Section 1983 claims against the District and School Board, under *Monell*, as well as against Mann, Graber, White, and Ljiljanich in their personal capacities; (3) First Amendment Section 1983 claims against the

---

[1] To this Court's knowledge, the Second Circuit has not explicitly decided whether a motion to amend is dispositive or non-dispositive. *See Covet & Mane, LLC v. Invisible Bead Extensions, LLC*, No. 21-CV-7740 (JPC) (RWL), 2023 WL 2919554, at *1 n.1 (S.D.N.Y. Mar. 23, 2023) ("There is some debate in this Circuit whether a motion to amend is considered dispositive or non-dispositive for purposes of whether a Magistrate Judge's ruling should issue as a Report and Recommendation, subject to de novo review, or as a Decision and Order, subject to review for clear error.") (citing cases). Some courts within the Second Circuit have treated denial of a motion to amend as dispositive matter requiring a recommendation from a magistrate judge, and grant of a motion to amend as a non-dispositive matter that a magistrate judge may order. *See Zink v. First Niagara Bank*, No. 13-CV-1-76-A, 2015 WL 423221, at *1 n.2 (W.D.N.Y. Feb. 2, 2015) ("District courts in this circuit have suggested that a magistrate judge's denial of a motion to amend . . . should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive.'") (quoting *Louis v. Metro. Transit Auth.*, No. 12 Civ. 6333(ILG)(JO), 2014 WL 5311455, at *1 (E.D.N.Y. Oct. 16, 2014)). *See also Briggs v. Cnty. of Monroe*, 215 F. Supp. 3d 213, 215 (W.D.N.Y. 2016) (applying *de novo* review to resolve objections to recommendation denying leave to amend). Because no party objected—and, therefore, the applicable standard of review is not an issue—the Court need not resolve the question here. To the extent denial of leave to amend is construed as dispositive, the Court also accepts Judge Roemer's conclusion that leave to amend should be denied in part based on the lack of objections.

District and the School Board, under *Monell*, as well as against Mann in his personal capacity; and (4) procedural due process claims against the District, School Board, and Mann in his personal capacity.

This case is referred back to Judge Roemer for further proceedings consistent with the May 5, 2022 referral order (Dkt. 5).

SO ORDERED.

Dated:   September 25, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE